UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE HERNANDEZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ARCTIC GLACIER, USA, INC.,<br><br>Defendant. | Case No.: 3:15-cv-01938-L-JMA<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION [Doc. 20] TO CONDITIONALLY CERTIFY A FLSA COLLECTIVE ACTION AND SEND NOTICE TO THE CLASS** |

Pending before the Court is Plaintiff Jose Hernandez's ("Hernandez") motion to conditionally certify a collective action and send notice to the class. The Court decides the matter on the papers submitted and without oral argument. *See* Civ. L. R. 7.1(d)(1). For the reasons stated below, the Court **DENIES** Hernandez's motion without prejudice.

//
//
//
//
//
//
//

1

## I. BACKGROUND

Defendant, Arctic Glacier USA, Inc. ("Arctic Glacier") is a Delaware corporation with its principal place of business in Winnipeg, Manitoba, Canada. Arctic Glacier manufactures and delivers packaged ice to consumers in Canada and the United States. Plaintiff Hernandez worked for Arctic Glacier as a delivery truck driver in San Diego County for twenty-four years until September 2014. As an ice delivery driver, Hernandez's duties included picking up bags of ice from Arctic Glacier's facility in Oceanside, CA and delivering them to customers throughout San Diego County. Hernandez alleges that (1) he often worked over forty hours per week, (2) that Arctic Glacier misclassified him as exempt and thus never paid him overtime for those hours, and (3) that his situation is similar to other delivery drivers employed by Arctic Glacier.

On October 5, 2015, Hernandez filed his First Amended Complaint alleging, among other things, violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§207, 216. (FAC [Doc. 10].) Specifically, Hernandez alleges, on behalf of himself and other ice delivery drivers similarly situated, that Arctic Glacier intentionally and unlawfully classified its salaried ice delivery drivers working in the United States as exempt and failed to pay them overtime in violation of 29 U.S.C. §§ 207(a) and 216(b). On October 17, 2016, Hernandez filed the present motion to conditionally certify a FLSA collective action and send notice to the class (See Mot. [Doc. 20].). Arctic Glacier opposes. (See Opp'n [Doc. 22].)

//
//
//
//
//
//
//
//

## II. LEGAL STANDARD

Under the FLSA, employers must pay their employees overtime wages for hours worked in excess of forty per week. 29 U.S.C. § 207. If an employer fails to do so, an aggrieved employee may bring a collective action on behalf of himself and similarly situated employees. 29 U.S.C. § 216(b); *see also Leuthold v. Destination America, Inc.,* 224 F.R.D. 462, 466 (N.D. Cal. 2004). Certification of an FLSA collective action, however, is only proper if the plaintiff shows that the putative collective action members are "similarly situated." *Id.* The FLSA does not define the term "similarly situated," and the Ninth Circuit has not spoken on this issue. *See Leuthold,* 224 F.R.D. at 466. However, most district courts in the Ninth Circuit employ a two-step process to determine whether the putative class members are similarly situated. *Hill v. R & L Carriers, Inc.*, 690 F. Supp. 2d 1001, 1009 (N.D. Cal. 2010). The first step, referred to as the "notice stage," entails an assessment of whether the plaintiff has shown that the putative class members were together the victims of a single decision, policy, or plan. *Id.*[1]

Because the court typically has a limited amount of evidence before it, this initial determination is fairly lenient, based "primarily on the pleadings and any affidavits submitted by the parties." *Leuthold*, 224 F.R.D. at 467. Although the standard for conditional approval is lenient at this stage, "it does require some evidentiary support." *Bishop v. Petro-Chem. Transp., LLC*, 582 F. Supp. 2d 1290, 1296 (E.D. Cal. 2008). "The lack of any evidence of similarity or even other potential class members precludes class certification." *Id.* Indeed, "[a] standard requiring no more than mere allegations would

---

[1] The second step occurs after the close of discovery but before trial. The party opposing the collective action treatment may move to decertify the class. *Leuthold*, 224 F.R.D. at 466. The decision whether to decertify is a factual determination made by the court based on the following factors: "(1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendants with respect to the individual plaintiffs; and (3) fairness and procedural considerations." *Pfohl v. Farmers Ins. Group*, 2004 WL 554834 at **2–3 (C.D. Cal. 2004). After examining the factual record, the court may decide to decertify the collective action and dismiss the opt-in plaintiffs without prejudice if it finds that the plaintiffs are not similarly situated. *Leuthold*, 224 F.R.D. at 466. Here, Hernandez's motion concerns only the first step.

render conditional certification not only lenient but virtually automatic." *Silverman v. SmithKline Beecham Corp.*, 2007 WL 6344674, at *1 (C.D. Cal. 2007).  The plaintiff must provide "some factual evidence, beyond the allegations in the complaint, demonstrating that she and other potential plaintiffs together were victims of a single, common decision, policy, or plan." *Brubaker v. Ensign Grp., Inc.*, 2012 WL 12861183, at *2 (C.D. Cal. Nov. 7, 2012).

### III. DISCUSSION

Hernandez seeks conditional certification of a nationwide collective class of current and former employees of Arctic who have worked as delivery drivers in the United States at any time after April 14, 2013 and who were paid on a salary basis.  He claims that he is similarly situated to this class and therefore requests that the Court order Arctic Glacier to provide him with a list of all drivers within the proposed FLSA collective class and their contact information.  Hernandez further requests authorization to provide to all potential plaintiffs notice and opportunity to join this collective action by filing consent to sue forms within sixty days of the issuance of the notice.

In his Motion, Hernandez contends that, just like himself, the drivers comprising the collective class often worked more than forty hours a week but did not receive overtime because Arctic Glacier misclassified them as exempt from 29 U.S.C. § 207.  As evidentiary support for this contention, Hernandez proffers only his own declaration testimony.  (Hernandez Decl. Ex. 1 [Doc. 20-4].)[2]  Hernandez's declaration provides in pertinent part: "I am informed and believe that my situation is similar to other ice delivery drivers for Arctic Glacier.  I am informed and believe that Arctic Glacier treated

---

[2] Hernandez also offers evidence he claims shows that Arctic Glacier (1) requires all drivers to maintain hour logs; (2) uses standardized forms to assess driver performance; (3) requires all drivers to acknowledge they have read and received an employment handbook; and (4) maintains a centralized payroll processing and data management mechanism.  The Court finds this evidence irrelevant as it does not tend to show a common scheme whereby Arctic Glacier, at a nationwide level, misclassifies its drivers as exempt for purposes of denying them overtime pay.  It does not even show that Arctic Glacier misclassified and denied overtime to a single employee other than Hernandez.

me the same as its other ice delivery drivers who were not paid by the hour." (Hernandez Decl. ¶ 12.)

Applying the lenient standard for conditional certification at the initial notice stage, the Court finds that Hernandez has not met his burden of making a threshold showing that he and other potential plaintiffs are similarly situated and were together the victims of a single decision, policy, or plan. Rather, this case seems on all fours with *Bishop*, 582 F. Supp. 2d at 1293. In *Bishop*, the plaintiff sought to support certification of a class of truck drivers with only his declaration that he and other truck drivers worked in excess of forty hours per week and were denied overtime compensation. *Bishop*, 582 F. Supp. 2d at 1293. Just like the Plaintiff in this case, the plaintiff in *Bishop* argued that "the *allegations* of [a] systematic policy of denial of overtime [are] sufficient to justify class certification." *Id.* at 1296 (emphasis added). The *Bishop* court disagreed, finding plaintiff's showing "entirely deficient in the similarity of the truck drivers" because plaintiff did "not offer any evidence of other workers who were not paid overtime" or "evidence of a company wide policy." *Id.*; *see also Sarviss v. General Dynamics Information Tech., Inc*, 663 F. Supp. 2d 883, 905 (C.D. Cal. 2009) (finding that the plaintiff failed to meet his evidentiary burden for certification at stage one because, "[a]side from his own declaration, Plaintiff has provided no additional evidence to support his claim that he is similarly situated").

As in *Bishop* and *Sarviss*, Hernandez's only relevant evidence to support his allegations that Arctic Glacier had a nationwide scheme to misclassify its driver is a single declaration—his own. His assertion upon information and belief that other drivers are similarly situated carries little force. It is a general statement that lacks any specific, factual support. It provides no information at all as to the identity or number of these drivers. Nor does it provide any explanation as to how Hernandez learned of them. Accordingly, the Court finds Hernandez has failed to carry his burden and therefore **DENIES** his motion without prejudice.

### IV. CONCLUSION AND ORDER

For the foregoing reasons, **DENIES WITHOUT PREJUDICE** Plaintiff's motion to conditionally certify a FLSA collective action and send notice to the class.

**IT IS SO ORDERED**.

Dated: March 28, 2017

_____
Hon. M. James Lorenz
United States District Judge