# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE HERNANDEZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ARCTIC GLACIER USA, INC., a Delaware corporation,<br><br>Defendant. | Case No.: 15CV1938-L(JMA)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER RE: JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE** |

On March 23, 2017, Defendant Arctic Glacier USA, Inc. ("Arctic Glacier") filed a document captioned "Request for Reconsideration of Order re: Joint Motion for Determination of Discovery Dispute." [Doc. No. 30.] Plaintiff Jose Hernandez ("Hernandez") has filed a brief in opposition and Plaintiff has also filed a reply brief in support of his motion. [Doc. No. 31 and 33.] Pursuant to CivLR 7.1.d.1, the motion is suitable for disposition without oral argument. After due consideration of the parties' briefs, the Court DENIES Arctic Glacier's motion.

**I.    BACKGROUND**

This case is a "collective action" brought by Hernandez under the Fair Labor Standards Act ("FLSA"), 29 USC 216(b), on behalf of himself and other similarly

situated employees of Arctic Glacier. Hernandez contends Arctic Glacier improperly classified him and other delivery drivers as exempt from overtime under the FLSA. Hernandez alleges he often worked more than eight hours a day and more than 40 hours a week, but was not paid overtime. He believes other delivery drivers followed a similar schedule and were likewise improperly classified as exempt from overtime.

Hernandez filed a motion for conditional certification of his proposed FLSA class on October 17, 2016, before the Hon. M. James Lorenz. [Doc. No. 20.] On November 7, 2016, while the motion for conditional certification was pending, the parties filed a discovery motion before the undersigned, pursuant to which Hernandez sought to compel further responses to his Interrogatory No. 2 and thirteen requests for production of documents, including specifically Document Request No. 15, arguing the discovery was necessary for conditional certification of his proposed FLSA class.[1] [Doc. No. 21.] Arctic Glacier, which opposed Hernandez's motion for conditional certification on the basis he had failed to show he was similarly situated to the members of the putative class, argued Hernandez's motion to compel should also be denied because the discovery he sought was premature since he had not shown he was similarly situated to the potential class members. [Doc. Nos. 21 & 22.] Although Arctic Glacier had asserted various other objections to production in its discovery responses, it did not rely on any of these other objections in connection with the discovery motion.

In ruling on the discovery motion, the undersigned applied Ninth Circuit precedent, adopting the principle that although unlimited discovery is not

---

[1] At the time, Hernandez explained he filed the motion for conditional certification before receiving a ruling on the discovery motion due to concerns regarding the running of the FLSA's statute of limitations. [Doc. No. 21, p. 1, fn. 1.] On March 28, 2017, the Hon. M. James Lorenz denied Hernandez's motion for conditional class certification without prejudice, finding Hernandez had failed to provide sufficient evidence that Arctic Glacier had a nationwide scheme to misclassify drivers. [Doc. No. 32.]

appropriate before conditional class certification is granted, the parties may undertake limited discovery necessary for defining the proposed class. [Doc. No. 27, *citing Morden v. T-Mobile USA, Inc.*, 2006 U.S. Dist. LEXIS 42047, *6-13 (W.D. Wash., June 22, 2006); *Sargant v. HG Staffing*, 2014 U.S. Dist. LEXIS 56580, *10-13 (D. Nev. Apr. 22, 2014); and *Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550, 553-556 (N.D. Ill. 2008).] The Court narrowed the scope of the discovery sought by Hernandez and, in pertinent part, ordered Arctic Glacier to provide full and complete responses to Hernandez's Interrogatory No. 2 (requesting Arctic Glacier provide the total number of FLSA PLAINTIFFS) and documents responsive to Request for Production No. 15 (calling for "DOCUMENTS sufficient to identify the number of FLSA PLAINTIFFS.") *Id.* That order was issued on December 28, 2016, with a deadline of January 13, 2017 set for Arctic Glacier's compliance. [*Id.* p. 7.]

Instead of fully complying with the Court's order as it related to Interrogatory No. 2 and Request for Production No. 15, Arctic Glacier produced supplemental discovery responses and documents that identified FLSA Plaintiffs outside California, but continued to withhold information for any California-based FLSA Plaintiffs, contending, for the first time, it did not need to produce discovery responsive to these requests for any California-based employees because it has a valid *res judicata* defense based on the prior class settlement in *Carranza v. Arctic Glacier*, Case No. RG13692993.[2] Arctic Glacier's position, thus, resulted

---

[2] Arctic Glacier takes issue with the Court's statement that Arctic Glacier did not raise the *res judicata* argument as a basis for withholding discovery responsive to Interrogatory No. 2 and Request for Production No. 15 until after the Court ruled on the first discovery motion. [Doc. No. 30, p. 3.] Although Arctic Glacier has been consistent in its position the *Carranza* settlement may bar some or all of the California-based putative class members, nowhere in the Court record is there any indication that Arctic Glacier asserted this specific objection as a basis for withholding information or documents responsive to these two specific discovery requests until after the Court ruled on the parties' first discovery motion.

in the filing of a second discovery motion on March 2, 2017. [Doc. No. 29.] The Court ruled on that motion on March 16, 2017, holding Arctic Glacier had waived a *res judicata* based objection because it was not timely asserted. [*Id.*, p. 3, citing Fed. R. Civ. P. 33(b)(4). It is this order that Arctic Glacier now requests the Court reconsider.

## II. LEGAL STANDARD

Although Arctic Glacier styles its filing as a "Request for Reconsideration," it fails to meet the requirements of Civil Local Rule 7.1.i.1, which allows a party to apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part." In pertinent part, the rule requires a party to show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." CivLR 7.1.i.1.[3] Artic Glacier fails to do so, and cites no legal authority whatsoever.

## III. DISCUSSION

Arctic Glacier does not cite any new or different facts or circumstances. Instead, it argues that because the Court, as opposed to Hernandez, observed Arctic Glacier had failed to previously to make a *res judicata* based objection to Interrogatory No. 2 and Request for Production No. 15, it should reconsider its ruling. [Doc. No. 30, pp. 2-3.] No explanation is offered as to how this might have been an error on the Court's part, nor does Arctic Glacier offer any legal basis to support its argument the Court should ignore the plain language of the Federal

//

---

[3] Hernandez correctly maintains that Arctic Glacier failed to comply with CivLR 7.1.i.1's affidavit requirement when it filed the motion. Instead, Arctic Glacier waited until Hernandez called attention to this deficiency and attempted to cure it by filing the affidavit when it filed its reply brief. Although Arctic Glacier's motion is defective in this regard, the Court is not inclined to deny the motion solely on the basis of this procedural deficiency.

Rules of Civil Procedure and long-established and clearly applicable legal precedent when not raised by a party.

Arctic Glacier contends had Hernandez made the waiver argument, it would have been able to offer a counter argument. *Id.* The opportunity to offer a counter-argument, however, is not the same as the ability to offer a viable counter-argument. Essentially Arctic Glacier claims that because it has asserted the *res judicata* defense at other times throughout the case, such as in its Amended Answer, its Notice of Related Case, during the Early Neutral Evaluation Conference, and in response to a completely separate interrogatory (No. 5), it did not waive the objection with respect to Interrogatory No. 2 and Document Request No. 15. Under Arctic Glacier's analysis, somehow Hernandez and the Court should have divined from Arctic Glacier's position, in combination with its blanket objections to each and every discovery request that they were "not reasonably calculated to lead to the discovery of admissible evidence" and "the burden and expense of the proposed discovery is disproportionate to the needs of the case," that Arctic Glacier would be withholding information and documents regarding California-based FLSA Plaintiffs. *Id.* Arctic Glacier also contends it did not address its *res judicata* objection in connection with the first discovery motion because the argument was not addressed by Hernandez. *Id.*

This argument, albeit creative, runs counter to fundamental tenets of discovery, which provide each interrogatory must be responded to "separately and fully." Fed. R. Civ .P. 33(b)(3). If an objection is asserted, the reasons for the objection "must be stated with specificity" in the response. Fed. R. Civ. P. 33(b)(4); *see also Nagele v. Electronic Data Systems Corp.*, 193 F.R.D. 94, 109 (W.D. N.Y. 2000) (objection that interrogatories were "burdensome" overruled because objecting party failed to "particularize" basis for objection); *Mancia v. Mayflower Textile Services Co.*, 253 F.R.D. 354, 357 (D. Md. 2008) (boilerplate objections waived any legitimate objections responding party may have had);

1 | *Deere v. American Water Works Co., Inc.*, 306 F.R.D. 208, 215 (S.D. Ind. 2015)
2 | ("general objections are entitled to little if any weight.") If required to make the
3 | objection understandable, the objecting party must state reasons for any
4 | objection. *Chubb Integrated Sys. Ltd. v. National Bank of Wash.*,103 F.R.D. 52,
5 | 58 (D. D.C. 1984) ("irrelevant" did not fulfill party's burden to explain its
6 | objections.) "Any ground not stated in a timely objection is waived unless the
7 | court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4)

8 |      Similarly, in responding to a request for documents, a party asserting an
9 | objection must identify the specific document or evidence requested as to which
10 | the objection is made and "state with specificity the grounds for objecting to the
11 | request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). The objection must
12 | also specifically state whether any responsive materials are being withheld on
13 | the basis of the objection. Fed. R. Civ. P. 34(b)(2)(B). When an objection applies
14 | only to a portion of the documents requested, the responding party must identify
15 | the materials being withheld and produce the remainder. *Id.* "Courts have found
16 | that failure to state any objections to the production of documents in a timely
17 | manner constitutes a waiver of any objections, similar to Rule 33, even though
18 | Rule 34 does not contain an automatic waiver provision." *Peskoff v. Faber*, 244
19 | FRD 54, 64 (D. D.C. 2007).

20 |      The record is clear that Arctic Glacier did not assert a *res judicata* objection
21 | in response to either Interrogatory No. 2 or Request for Production No. 15.
22 | Absent a showing of good cause, which Arctic Glacier has not even attempted to
23 | demonstrate, this constitutes a waiver. Arctic Glacier's argument that it did not
24 | waive this objection by not arguing it in the first discovery motion ignores the fact
25 | the objection was waived before the filing of that motion, by its failure to timely
26 | assert it in the responses to Interrogatory No. 2 and Request for Production No.
27 | 15.
28 | / /

Finally, the Court notes the motion for reconsideration is moot, as Arctic Glacier indicates in its reply brief it has finally produced a full and complete response and documents. [Doc. No. 33.] Arctic Glacier states, without any explanation, the Court's ruling "may serve as a basis for additional discovery whose burden and expense greatly outweighs any possible benefit, and that is not at all proportional to the needs of the case." [Doc. No. 33.] The Court's "role is neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution." *Thomas v. Anchorage Equal Rights Commission*, 220 F.3d 1134 (9th Cir. 2000) (en banc); *See also Hall v. Beals*, 396 U.S. 45, 48, 90 S.Ct. 200, 24 L.Ed.2d 214 (1969) (holding that an issue is moot when it has "lost its character as a present, live controversy of the kind that must exist if we are to avoid [rendering] advisory opinions on abstract propositions of law."). As Arctic Glacier is no longer withholding information and documents responsive to Interrogatory No. 2 and Document Request No. 15, there is no longer a live controversy regarding these discovery requests and the motion for reconsideration is moot.

**IV. CONCLUSION**

Based on the foregoing, Arctic Glacier's motion for reconsideration is DENIED. The Court regretfully must take this opportunity to address Arctic Glacier's conduct in relation to the discovery at issue. Arctic Glacier's disregard for the Court's authority and limited resources has caused the filing of three separate motions, regarding the same two discovery requests, and unreasonably prolonged the discovery process. Although the Court has exercised considerable patience with Artic Glacier's failure to fully comply with the Court's order regarding the first discovery motion, and in addressing Arctic Glacier's efforts to take a second and third bite at the proverbial apple, the Court's patience has been exhausted. Partial compliance with orders is not an option. Arguments are

not to be raised in a piecemeal fashion, as Arctic Glacier did in the second discovery motion, and should be supported by applicable legal authority, which Arctic Glacier did not do in this motion for reconsideration. Arctic Glacier is cautioned any future disregard for the Court's authority or abuse of judicial resources will not receive such lenient treatment.

Dated: May 11, 2017

_____
Honorable Jan M. Adler
United States Magistrate Judge